# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Ramiro Cardenas,** § | | |
| **a/k/a Crazy Horse,** § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| **State of Texas Elected** § | SA-11-CV-0911 XR | |
| **Officials, Jointly and Severally;** § | | |
| **Texas State Governor Rick Perry,** § | | |
| **Congressman Wayne Christian;** § | | |
| **Congressman R. Cantu; and** § | | |
| **Senator Eddie Lucio,** § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Xavier Rodriguez
United States District Judge

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted. Plaintiff Ramiro Cardenas initiated this lawsuit by moving to proceed in forma pauperis (IFP).[1] The district judge referred the motion to me. I screened the case under section 1915 and determined that the defendants are immune from suit.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen

---

[1] Docket entry # 1.

an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[2] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[3] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[4] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[5] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Nature of the case**. Cardenas, also known as Crazy Horse, has filed three other cases in this district.[6] Like the other cases, Cardenas's proposed complaint in this case

---

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[6] *See* Cause No. SA-08-CV-506-XR, *Cardenas v. Judge Cynthia Muniz and Dist. Att'y Roberto Serna* (W.D. Tex. Sept. 30, 2008) (dismissing, with prejudice, complaints about public corruption and Cardenas's arrest for drug charges, and observing that Cardenas admitted to operating a marijuana business); Cause No. DR-06-MC-082, *Cardenas v.*

fails to state a claim upon which relief may be granted. Liberally construed, Cardenas complains about violations of civil rights.

Cardenas seeks to sue state Governor Rick Perry, state Senator Eddie Lucio, state Congressman Wayne Christian, and state Congressman R. Cantu for injustices flowing from the enactment of a Texas bill prohibiting cockfighting. The bill—House Bill 1043—amended the Texas Penal Code to create an offense criminalizing certain conduct relating to cockfighting. Relevant here, the new offense criminalizes "own[ing] or train[ing] a cock with the intent that the cock be used in an exhibition of cockfighting."[7] Cardenas reported that he breeds gamecocks "to sell to Mexico mostly."[8]

Congressman Christian authored House Bill 1043. Senator Lucio sponsored the bill in the state Senate. Governor Perry signed the bill on June 17, 2011. The bill became law effective September 1, 2011. I could not confirm the identity of R. Cantu as a state congressman.

Cardenas characterized cockfighting as a traditional sport and complained that the law's advocates favor the Human Society over the civil rights of those participating

---

*Church of Latter-Day Saint* (W.D. Tex. Dec. 12, 2006) (motion to proceed IFP denied); Cause No. DR-01-CA-008-OLG, *Cardenas v. St. of Tex., et al* (W.D. Tex. Apr. 5, 2001) (dismissed for failing to comply with court's order to file a complaint written in English).

[7] Tex. Penal Code § 42.105 (b)(4) (effective Sept. 1, 2011).

[8] Docket entry # 3, ex. 3, p. 3 (proposed amended complaint).

in cockfighting. Cardenas seeks to abolish the new law.

**The defendants are immune from this lawsuit**. Although Cardenas seeks to sue the elected officials in their individual and official capacities, Cardenas allegations flow from actions of elected officials in their official capacities. The proposed complaint includes no allegation about acts taken in the defendants' individual capacities. To the extent Cardenas seeks to sue the defendants in their individual capacities, he failed to state a claim upon which relief may be granted because no allegation falls outside of official legislative action.

As to actions taken in their official capacities, Christian and Lucio are protected by absolute immunity.[9] "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."[10] Cardenas alleged no action on the part of Christian or Lucio falling outside of legislating. Christian and Lucio are entitled to dismissal of the claims against them based on absolute immunity. To the extent Cantu is a state congressman, the same analysis applies to him.

As a state governor, Perry is entitled to qualified immunity.[11] "The fate of an

---

[9] *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (recognizing that absolute immunity protects legislators in their legislative functions).

[10] *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976).

[11] *See Scheuer v. Rhodes*, 416 U.S. 232, 248 (1974) (explaining why a governor is not entitled to absolute immunity; section 1983 would be drained of meaning if the acts of a governor are unreviewable by federal courts); *Austin v. Borel*, 830 F.2d 1356, 1358-59 (5th

4

official with qualified immunity depends upon the circumstances and motivations of his actions…."[12] Whether a governor is protected by qualified immunity depends on whether, in light of the discretion and responsibilities of his office, and under all of the circumstances as they appeared at the time, the governor acted reasonably and in good faith.[13]

Governor Perry is entitled to qualified immunity because Cardenas attributed no conduct to the governor.[12] To the extent Cardenas relies on Governor Perry's signing HB 1043, the Texas constitution provides that "[e]very bill which shall have passed both houses of the Legislature shall be presented to the Governor for his approval."[13] The Texas constitution provides that, if the governor approves the bill, he will sign the bill. Because Cardenas did not allege that Governor Perry, in executing his discretion to sign the bill, failed to act reasonably and in good faith, Cardenas failed to state a claim upon which relief may be granted. Governor Perry is entitled to qualified immunity.

---

Cir. 1987) (stating that executive officials like a governor are generally entitled to qualified rather than absolute immunity).

[12]*Imbler*, 424 U.S. at 419.

[13]*See Scheuer*, 416 U.S. at 247-48.

[12]*See Muhammad v. Perry*, No. A-10-CA-573-SS, 2010 WL 3338541, at *1 (W.D. Tex. Aug. 23, 2010) (explaining that Governor Perry was entitled to qualified immunity because the plaintiff alleged no personal involvement by Perry).

[13]Tex. Const., art. 4, § 14.

**Recommendation**. The named defendants are immune from suit. Moreover, Cardenas attributed no specific conduct to any defendant so as to state a claim. Because Cardenas failed to state a claim upon which relief may be granted, I recommend dismissing this case under section 1915. If the district court accepts this recommendation, Cardenas's motion to proceed IFP (docket entry # 1) will be moot. To the extent Cardenas may complain about lack of notice that the district judge will consider dismissal of this basis, Cardenas should consider this report as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[14] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections;

---

[14] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[15] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

      **SIGNED** on November 21, 2011.

*(signature)*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[15] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

7